UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  20-cv-03399-RM-NRN

**LEWIS JONES**; and **BRECKEN JONES**; and **KJ**, a Minor,
BY AND THROUGH PARENTS LEWIS AND BRECKEN JONES
AS NEXT FRIENDS; and **RJ**, a Minor, BY AND THROUGH
PARENTS LEWIS AND BRECKEN JONES AS NEXT FRIENDS;
and **NJ**, a Minor, BY AND THROUGH PARENTS LEWIS AND
BRECKEN JONES AS NEXT FRIENDS; and

Plaintiffs**,**

v.

**BOULDER VALLEY SCHOOL DISTRICT RE-2**, Boulder, Colorado;

Defendant.

_____

**AMENDED PROTECTIVE ORDER**
_____

This matter comes before the Court on the Parties' Stipulated Motion for Entry of Protective Order. Upon a showing of good-cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information, IT IS ORDERED:

1.  This Protective Order shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, motions, responses, replies, and other documents and information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated "CONFIDENTIAL" pursuant to this Protective Order.

2.  The parties must file covered information with the Court designated as

"CONFIDENTIAL" pursuant to this Protective Order. Information filed with the Court shall be available to the public unless (a) the Court enters an order pursuant to D.C.COLO.LCivR 7.2(c) restricting public access to such information upon good cause shown or (b) the filing party redacts confidential information contained the documents, materials, or other information filed with the Court, in which case an order restricting public access to such documents, materials, or other information would not be necessary. Any request to restrict public access to filed documents, materials, or other information must comply with the requirements of D.C.COLO.LCivR 7.2 and the Court's practice standards.

3. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

4. The following information shall be designated "CONFIDENTIAL" and entitled to protection under Fed. R. Civ. P. 26(c)(1) if it contains:

 a) personnel information concerning current and former employees of Defendant to the extent that such information implicates privacy interests and is not generally known to the public;

 b) information concerning current and former students of Defendant protected by Family Educational Rights and Privacy Act ("FERPA");

 c) information relating to Plaintiff concerning personal and confidential matters not generally known to the public, such as, but not limited to, income information, and medical information protected under the Health Insurance Portability and Accountability Act ("HIPAA"), minor Plaintiff names;

 d) the full or partial given names of minor Plaintiffs, who are proceeding

anonymously in this case or information that can reasonably be expected to lead to minor Plaintiffs being identified;

    e)    the full or partial names of minor Plaintiffs' teachers while minor Plaintiffs were enrolled in the District, so as to protect the identity of minor Plaintiffs;

    f)    any nickname or alias of Plaintiffs Lewis or Brecken Jones, to the extent such nickname or alias is known to the parties;

    g)    any contact information of Plaintiffs, including but not limited to home address(es), phone number(s), email address(es), student, or employment identification numbers, and the like; and

    h)    The video recording, or any copy thereof, subpoenaed on April 1, 2021 by attorney J. Brad Bergford via the only subpoena issued by Mr. Bergford on that date and concerning a video conference between the witness and the principal of Fireside Elementary in Boulder Valley School District and a counselor in Boulder Valley School District, plus any personal identifying information of minor children or their immediate family members as mentioned in and obtained from the video. This provision does not apply to personal identifying information of any person mentioned in the video that is obtained by means other than through the video itself, except to the extent such personal identifying information as referenced in this subparagraph is gleaned from an education record under the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g as amended, in which case the personal identifying information shall retain its status as Confidential Information.

  5.    Documents designated as "CONFIDENTIAL" shall be first reviewed by a lawyer

who will certify that the designation is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(1). Parties and attorneys designating documents as "CONFIDENTIAL" will be representing that such documents contain information where disclosure would implicate an important interest to be protected and that outweighs the presumption of public access.

   6. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall be used solely for the purpose of this action, and shall not, without further Order of the Court, be used, transferred, disclosed or communicated in any way, except that such information may be disclosed to:

   (a) attorneys actively working on this case;

   (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   (c) the parties, including designated representatives for Defendant or Plaintiff whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

   (e) the Court and its employees ("Court Personnel");

   (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; and

   (g) deponents, witnesses, or potential witnesses.

(h) Notwithstanding any other provisions in this PROTECTIVE ORDER, the parties are entitled to use any CONFIDENTIAL information during this case, such as in discovery, in filings, at trial, and at hearings, subject to sufficient safeguards in place to protect confidentiality of such information, such as using initials, redactions, filing under restriction, or other designations to protect the confidentiality of such information.

7. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed "Written Assurance" in the form attached hereto as Exhibit A. All such written assurances shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

9. In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as CONFIDENTIAL in a written communication or in an electronic mail message to the non-producing party.

10. Any party who inadvertently fails to identify documents or information as CONFIDENTIAL shall, promptly upon discovery of its oversight, provide written notice of the

error and substitute appropriately-designated documents. Any party receiving such documents shall use their best efforts to promptly retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or use their efforts to destroy the documents which should have been designated, CONFIDENTIAL.

11.     Any party who inadvertently discloses documents that are privileged or protected by the work product doctrine shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies and copies the receiving party provided to any other individual or entity, within 14 days of receiving such a written request, unless such inadvertently disclosed documents are the subject of a Motion to Compel filed within 14 days of receiving a written request to return the documents, in which case the inadvertently disclosed documents shall be treated as CONFIDENTIAL until such time as the Court rules upon the Motion.

12.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the portions thereof that involve the disclosure of CONFIDENTIAL information shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Transcript pages containing CONFIDENTIAL information must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

13. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

14. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be destroyed; provided, however, each party and counsel for each party may retain one copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel and an opportunity to be heard by both parties. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming its best efforts to destroy such records upon request from the

producing party.

15.     Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of confidential documents or information sought.

16.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 7th day of April, 2021.

BY THE COURT:

_____
United States District Court Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  20-cv-03399-RM-NRN

**LEWIS JONES**; and **BRECKEN JONES**; and **KJ**, a Minor,
BY AND THROUGH PARENTS LEWIS AND BRECKEN JONES
AS NEXT FRIENDS; and **RJ**, a Minor, BY AND THROUGH
PARENTS LEWIS AND BRECKEN JONES AS NEXT FRIENDS;
and **NJ**, a Minor, BY AND THROUGH PARENTS LEWIS AND
BRECKEN JONES AS NEXT FRIENDS; and

Plaintiffs**,**

v.

**BOULDER VALLEY SCHOOL DISTRICT RE-2**, Boulder, Colorado;

Defendant.

___

**WRITTEN ASSURANCE**
___

 I, _____ the undersigned, hereby declare that:  I reside at _____ in the City of _____, County of _____, State of _____.  My telephone number is _____.

  I acknowledge that I have been informed that a Protective Order issued by the Court in the above captioned civil action requires confidentiality with respect to information designated as CONFIDENTIAL" and therefore I agree to keep all such information and materials strictly and absolutely confidential, and in all other respects be bound by the provisions of the Protective Order.

  As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "CONFIDENTIAL," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

Executed on     _____          _____
       (Date)          (Signature)